IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

JULIE A. ADAMS, et al.,

                        Plaintiff,                    Case No. 3:07 CV 2678

     -vs-

                                                            MEMORANDUM OPINION

UNITED STATES OF AMERICA,

                        Defendant.

KATZ, J.

This case is before the Court on Defendant United States of America's motion to dismiss in part Plaintiffs' Complaint pursuant to Fed. R. Civ. P. 12(b)(1) (Doc. 21). Plaintiffs Julie and Steven Adams have not filed a brief in opposition to Defendant's motion. This Court has jurisdiction pursuant to 28 U.S.C. § 1346. For the reasons discussed below, Defendant's motion to dismiss in part is granted in part and denied in part.

**I. Background**

On February 7, 2006, Julie A. Adams ("Julie") filed an administrative claim to the Department of Veterans Affairs. Doc. 21 at Ex. A. In the portion of the form asking for the "date and day of [the] accident," Julie filled in "[f]rom 02/17/2005 - 05/06/2005." *Id*. In the portion of the form asking for the basis of the claim, Julie wrote:

> The [Veterans Administration ("VA")] was negligent in diagnosing and arranging for claimant's gallbladder surgery to take place, from February 17, 2005 until May 6, 2005. The VA's delay in arranging this surgery included refering (sic) the consultation request to the Psych Department instead of surgery, and other clerical and administrative blunders, that resulted in claimant's simple gall bladder surgery turning into a complex life threatening procedure that took 9 hours, and resulted in the claimant being hospitalized in ICU and recievng (sic) an ileosotomy (sic), as well as additional other damage to the claimant's internal organs.

*Id.*

        Julie's claim alleged the following injuries:

> Julie Adams was not properly diagnosed and treated for her gall bladder. The VA delayed scheduling the claimant's surgery and as a result of the delay claimant had to undergo a life threatening procedure, ended up in ICU, had a temporary ileostomy and has sustained other internal damage as a result in the delay in the removal of her gall bladder. The dealy (sic) began on or about February 17, 2005 and continued through May 6, 2005.

*Id.*

        Also on February 7, 2006, Steven Adams ("Steven"), Julie's husband, filed an administrative claim to the Department of Veterans Affairs. Doc. 21 at Ex. A. In the portion of the form asking for the "date and day of [the] accident," Steven filled in "[f]rom 05/25/2005." *Id*. In the portion of the form asking for the basis of the claim, Steven wrote almost the same as what Julie wrote. However, his alleged injuries were different:

> Claimant files this claim for loss of conortium (sic), loss of spousal services, travel and inconvenience, and such other items as maybe revoreable (sic), under the laws of the states of Ohio & Indianna (sic) for the medical malpractice that was committed on claimant's wife Julie Adams.

*Id.*

        On September 4, 2007, after more than six months elapsed from the time Julie's claim and Steven's claim were filed, Julie and Steven filed a Complaint in federal court alleging medical malpractice pursuant to the Federal Tort Claims Act ("FTCA") "on various *prior dates to*, and including, February 16, 2005 thru (sic) the present time, by the United States' failure to provide proper medical care to Julie A. Adams." Doc. 1 at ¶ 7 (emphasis added).

        On December 19, 2007, Defendant United States of America filed and Answer that denies Plaintiffs' assertions of liability. Doc. 8.

Based on the foregoing, Defendant brings this motion to dismiss in part Plaintiffs' Complaint.  Defendants argue that any claims prior to February 7, 2004 are barred, and that Plaintiffs' informed consent claim and negligent supervision claim should be dismissed because the Court lacks subject matter jurisdiction over them.

**II. Standard of Review**

Generally, Fed. R. Civ. P. 12(b)(1) motions to dismiss for lack of subject matter jurisdiction fall into two categories: facial attacks and factual attacks.  *United States v. Richie*, 15 F.3d 592, 598 (6th Cir. 1994) *cert. denied.* 513 U.S. 868, 115 S.Ct. 188, 130 L.Ed.2d 121 (1994). A facial attack challenges the sufficiency of the pleading itself.  Upon receiving such a motion, the Court must take all of the material allegations in the complaint as true and construe them in the light most favorable to the non-moving party.  *Id.*  (citing *Scheuer v. Rhodes*, 416 U.S. 232, 235-37, 94 S.Ct. 1683, 1686-87, 40 L.Ed.2d 90 (1974)).  In contrast, a factual attack challenges the factual existence of subject matter jurisdiction.  *See Ohio Hosp. Ass'n v. Shalala*, 978 F.Supp. 735, 739 (N.D. Ohio. 1997).

When a Court is inquiring about whether it has subject matter jurisdiction, "no presumptive truthfulness applies to the factual allegations, and the court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case."  *United States v. Richie*, 15 F.3d at 598; *see also RMI Titanium Co. v. Westinghouse Elec. Corp*., 78 F.3d 1125, 1135 (6th Cir. 1986). The plaintiff bears the burden of demonstrating that the Court has and may appropriately exercise jurisdiction over the subject matter.  *Id.*  The Court may examine evidence of its power to hear a case, and must make any factual findings to determine whether it has

3

jurisdiction. *Kroll v. United States*, 58 F.3d 1087, 1090 (6th Cir.1995) *aff'd* 58 F.3d 1087 (6th Cir. 1995).

**III. Discussion**

Defendant's legal argument begins by stating that filing an administrative claim is a jurisdictional prerequisite to a FTCA action. *See Rogers v. United States,* 675 F.2d 123, 124 (6th Cir. 1982). Defendant then argues (1) that since 28 U.S.C. §2401(b) requires claims be presented to the appropriate federal agency within two years after the claim accurs, any of Plaintiffs' claims prior to February 7, 2004 are barred, and (2) since plaintiffs may not include a new claim in a district court complaint that is not presented in the administrative claim, Plaintiffs' cause of action is limited to the allegations in their administrative claims, and Plaintiffs' informed consent claim and negligent supervision claim should be dismissed as the Court lacks subject matter jurisdiction over them.

**A. 28 U.S.C. §2401(b)**

Under 28 U.S.C. §2401(b), "[a] tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues." In negligence or medical malpractice actions, the Supreme Court has held that federal law controls as to when a claim accrues under the FTCA. *United States v. Kubrick*, 444 U.S. 111, 117-18 (1979). In *Kubrick*, the plaintiff filed suit under the FTCA alleging that he had been injured by negligent treatment in a VA hospital. *Id.* at 115. "The Court held that a negligence or medical malpractice claim accrues within the meaning of § 2401(b) when a plaintiff knows of both the existence and the cause of his injury, and not at a later time when he also knows

4

that the acts inflicting the injury may constitute negligence or medical malpractice." *Chomic v. U.S.,* 377 F.3d 607, 610 (6th Cir. 2004) (citing *Kubrick*, 444 U.S. at 121-123)).

Here, with regard to Julie, her February 7, 2006 administrative claim stated that "[t]he VA was negligent in diagnosing and arranging for claimant's gallbladder surgery . . . [and] . . . resulted in . . . a complex life threatening procedure, . . . being hospitalized in ICU[,] and recievng (sic) an ileosotomy (sic), as well as additional other damage to the claimant's internal organs." With regard to Steven, his February 7, 2006 administrative claim stated that due to Julie's injury, Steven experienced "loss of conortium (sic), loss of spousal services, travel and inconvenience, and such other items as maybe revoreable (sic), under the laws of the states of Ohio & Indianna (sic)." When Plaintiffs' filed on February 7, 2006, they both knew of the cause of their injuries: the neglect in diagnosing and arranging for Julie's gallbladder surgery. Furthermore, Plaintiffs knew of the existence of their injuries and included them in their administrative claims. Thus, Defendants motion to dismiss in part is granted on this issue and Plaintiffs' claims prior to February 7, 2004 are barred.

**B. Exhaustion**

Exhaustion of administrative remedies is a jurisdictional prerequisite to filing suit. *Fishburn v. Brown*, 125 F.3d 979, 982 (6th Cir. 1997). A plaintiff may not include a new claim in a district court complaint which was not presented in the administrative claim. *Thompson v. United States,* 8 Fed. Appx. 547, 548 (6th Cir. 2001); *see e.g. Mills v. United States*, 127 F.3d 1102 (6th Cir. 1997). "In order to enable an agency to investigate, an administrative claim must include facts on which a cause of action is later based in a district court." *Hartwig v. United States*, 80 F. Supp.2d 765, 777 (N.D. Ohio 1999) (citing *Deloria v. Veterans Admin.*, 927 F.2d

1009, 1011-1012 (7th Cir. 1991); *Dundon v. United States*, 559 F.Supp. 469, 476 (E.D.N.Y. 1983) (A plaintiff cannot "present one claim to the agency and then maintain suit on the basis of a different set of facts")).

Here, Plaintiffs' Complaint states two causes of action that Defendant claims were not included in the administrative claim:

> (e) The Defendant failed to obtain proper and informed consent for the treatment rendered to Julie A. Adams;
>
> (k) The Defendant was otherwise negligent and careless and otherwise deviated from generally accepted medical standards in the treatment of Julie A. Adams, by failing to supervise physicians who were providing medical care to veterans, and by failing to prescribe treatment protocols and standards for patients with the conditions that the plaintiff presented for, including, but not limited to, the appropriate protocols for the diagnosis and treatment of patients suspected of having gull (sic) bladder problems and scheduling their surgeries.

Doc. 1 at ¶ 14.

### 1. Informed Consent

With regard to Plaintiffs' informed consent claim, the Sixth Circuit has not directly addressed whether an administrative claim asserting medical negligence gives sufficient notice of an informed consent claim. In *Bush v. United States*, 703 F.2d 491, 495 (11th Cir. 1983), the Eleventh Circuit confronted this issue and affirmed the district court's dismissal of the plaintiff's informed consent claim because neither the plaintiff's claim, nor the medical evaluation, contained any challenge to the informed consent form. The Fifth Circuit declined to follow *Bush*. *Frantz v. United States*, 29 F.3d 222, 225 (5th Cir. 1994) (concluding that the government's investigation spurred by negligence claims "should have revealed the possibility of an informed consent claim"). The *Frantz* court held that "[b]y its very nature, the informed consent claim is included in the [plaintiff's] allegation of [medical] negligence in their administrative claim." *Id.* at 224.

6

The Seventh Circuit followed *Bush* in an opinion written by Honorable Chief Judge Richard Posner. *Murrey v. United States*, 73 F.3d 1448, 1451 (7th Cir. 1996). The *Murrey* court concluded that although informed consent is a species of negligence, "to base a suit on lack of informed consent [a plaintiff] was required to include, or at least allude to, the issue of informed consent in the administrative claim." *Id.* The Ninth Circuit, weighing *Murrey, Frantz,* and *Bush*, concluded that because the broad rule of *Frantz* may give inadequate respect to the values of fair notice, that some notice of an informed consent claim must be included in a claimant's administrative claim. *Goodman v. United States*, 298 F.3d 1048, 1055 (9th Cir. 2002).

This Court is persuaded by the Seventh, Eleventh, and Ninth Circuits. In doing so, it does not conclude that any particular terms of art must be included to preserve the claim. Rather, "the administrative claim must narrate facts from which a legally trained reader would infer a failure to obtain informed consent." *Murrey,* 73 F.3d at 1453 (the administrative claim was sufficient when it stated that doctors assured the claimant and his family that surgery was the only available therapy and that it would extend his life by fifteen years). In the instant case, Julie's administrative claim centered on the alleged negligence in diagnosing and arranging Julie's gallbladder surgery. It made no mention of Julie receiving inadequate, inaccurate, or misleading information, and there is a lack of evidence that Julie's negligence claims put the VA on notice of an informed consent claim. As a result, the Court lacks subject matter jurisdiction over this claim. Defendant's motion to dismiss in part is granted and Plaintiffs' informed consent claim is dismissed.

### 2. Negligent Supervision

Defendant argues that the Court lacks subject matter jurisdiction over Plaintiffs' negligent supervision claim. Defendant relies on *Deloria v. Veterans Administration,* 927 F.2d 1009 (7th Cir. 1991) and argues that because Plaintiffs failed to present a negligent supervision claim in their administrative claims, the Court does not have jurisdiction over the negligent supervision claim in Plaintiffs' Complaint.

The facts of instant case are not similar to the facts in *Deloria*. In *Deloria*, the court held that a plaintiff cannot "present one claim to the agency and then maintain suit on the basis of a different set of facts." 927 F.2d at 1011-1012. In *Deloria,* the plaintiff's administrative claim alleged that VA employees conspired to alter his medical records and then later brought suit against the VA for malpractice and negligence. *Id.* at 1012. The court held the conspiracy charges were insufficient to give notice to the VA regarding the subsequent malpractice and negligence claims. *Id.* (explaining that "the . . . allegations involve[d] wholly distinct incidents" and that [i]nvestigation of the charge that VA officials conspired to alter Deloria's records . . . would not provide the VA with notice of Deloria's additional claims of medical malpractice and negligent supervision.").

With regard to the negligent supervision claims here, Julie and Steven's administrative claims stated that in addition to unnecessary delays and diagnoses, "administrative blunders" resulted in the plaintiffs' injuries. Unlike the plaintiff's administrative claim in *Deloria*, Plaintiffs' administrative claim clearly alleged "administrative" deficiencies akin to negligent supervision that arose from the same facts as Plaintiffs' malpractice claims. The Court concludes Plaintiffs' allegation in the administrative claim is enough to have put the VA on notice of a negligent supervision claim and that the allegation gave the VA an opportunity to investigate.

8

Thus, Defendants motion to dismiss in part is denied with regard to the negligent supervision claims.

**IV. Conclusion**

For the reasons discussed herein, Defendant United States of America's motion to dismiss in part Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(1) is granted in part and denied in part (Doc. 21). As a result, Plaintiffs' claims prior to February 7, 2004 are barred and Plaintiffs' informed consent claim is dismissed, but Plaintiffs' negligent supervision claim is not dismissed.

IT IS SO ORDERED.

    s/ *David A. Katz*
DAVID A. KATZ
U. S. DISTRICT JUDGE